FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN JACOB FELCH,<br><br>Defendant. | No. 2:21-CR-00099-SAB-1<br><br>ORDER FOLLOWING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**MOTION GRANTED IN PART AND DENIED IN PART**<br>         **(ECF No. 45)** |

On March 31, 2022, the Court held a detention review hearing to consider Defendant's Motion to Modify Conditions of Release, **ECF No. 45**. Defendant appeared while out of custody with Assistant Federal Defender Christina Wong. Assistant U.S. Attorney Dominique Park represented the United States. U.S. Probation Officer Chris Heinen was also present.

Defendant sought removal of the pretrial release conditions of GPS electronic monitoring and home detention. Both counsel and Defendant addressed the Court. Defendant, through counsel, advised the Court of progress Defendant has made and argued in favor of modifying Defendant's release conditions for removal of both GPS electronic monitoring and home detention conditions. Defendant also addressed the Court regarding issues he faces with GPS electronic monitoring, specifically that the monitoring condition amounts to a financial

ORDER - 1

burden and the GPS device is a source of curiosity and/or interest by members of the public. The United States is not opposed to the modifications as requested.

The Court has considered the proffers and arguments of counsel and has reviewed Defendant's Motion to Modify Conditions of Release, **ECF No. 45.** The Court has also reviewed and considered the Pretrial Services Report (ECF No. 10); Supplemental Pretrial Services Reports (ECF Nos. 21, 28, and 29); Defendant's Motion to Reopen Detention (ECF No. 19); United States Response to Court Order (ECF No. 30); Defendant's Reply Memorandum (ECF No. 31); and the Court's prior relevant orders. The Court notes Defendant appears to be engaged in pro-social activities and abiding by all conditions of pretrial release since the last hearing before the Court. *See* ECF No. 44. While the Court recognizes Defendant would like to be relieved of the requirement for GPS monitoring, the Court declines to do so.

In the Court's view, the GPS monitoring condition is an essential part of the combination of conditions that provide a reasonable assurance of Defendant's appearance at future court proceedings and a reasonable assurance of the safety of community. *See* 18 U.S.C.§ 3142. In other words, after the Court has has taken into account the nature and circumstances of the offense charged, the weight of the evidence against Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release, the absence of the electronic monitoring condition would tip the balance toward detention rather than release.

ORDER - 2

Again, while it is undisputed that Defendant has not had any serious issues while on pretrial release during the time the electronic monitoring condition has been in place, it does not follow that the electronic monitoring condition is therefore unnecessary.  The Court views the electronic monitoring condition as an essential pretrial release condition that imposes a minimal burden on Defendant while serving numerous positive supervision functions, to include acting as a reminder to Defendant that he remains on pretrial supervision, imposing a check on Defendant's behavior and impulses, and reassuring any impacted third parties in this case that Defendant's whereabouts are known to United States Probation.

**IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention Hearing, **ECF No. 45, is GRANTED IN PART AND DENIED IN PART.**

2. **The condition of home detention is removed as previously stated on March 31, 2022**.

3. **All other conditions of release remain in place.**

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested.  This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

5. If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order

ORDER - 3

Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED**.

DATED April 22, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4